EBERBACH *v.* WOODS.

1. PLEADING—PURPOSE OF DECLARATION.
   The purpose of a declaration is to inform the defendant of the nature of plaintiff's claim.[1]

2. SAME — INCONSISTENT CAUSES OF ACTION MAY BE JOINED IN SEPARATE COUNTS.
   Inconsistent causes of action may be joined in separate counts where the truth of one does not tend to establish the falsity or impossibility of the other, but only one cause of action may be stated in each count.[2]

3. CORPORATIONS — FRAUD IN SALE OF STOCK—PLEADING STATES CAUSE BASED ON RESCISSION—TENDER.
   In an action for fraud in the sale of stock of an oil company, where the declaration alleged in one of the counts that after plaintiff learned of the falsity of defendants' representations, he demanded return to him of certain leasehold interests and money given for said stock and tendered back the stock, which demand was refused, the trial court correctly held that plaintiff's right to recover was based on rescission, requiring proof of tender back of the stock.[3]

4. SAME—TENDER—WORTHLESSNESS OF STOCK NOT ESTABLISHED.
   The worthlessness of the stock, rendering tender of it back to defendants unnecessary, *held*, not established by the evidence.[4]

5. APPEAL AND ERROR—HARMLESS ERROR—DIRECTED VERDICT.
   Error, if any, in directing a verdict in favor of one of the defendants, *held*, not prejudicial, where the jury found in favor of another defendant against whom a stronger case was made.[5]

6. CORPORATIONS—TENDER NOT ESTABLISHED.
   The finding of the jury that plaintiff did not tender back the stock within a reasonable time after he learned of facts justifying a rescission, *held*, justified by the proofs.

[1]Pleading, 31 Cyc. p. 92; [2]Actions, 1 C. J. § 226; Pleading, 31 Cyc. p. 118; [3]Corporations, 14 C. J. §§ 1075, 1089, 1091; [4]Id., 14 C. J. § 1093; [5]Appeal and Error, 4 C. J. § 3008.

Error to Wayne; Murphy (Alfred J.), J.    Submitted June 16, 1925.    (Docket No. 74.)    Decided October 1, 1925.    Rehearing denied December 22, 1925.

Case by Oscar Eberbach against George Woods and others for fraud in the sale of certain corporate stock. Judgment for defendants.    Plaintiff brings error. Affirmed.

*Daskam, Fox & Reid,* for appellant.

*Routier, Nichols & Fildew,* for appellees.

SHARPE, J.    Prior to the month of December, 1919, the plaintiff had purchased certain fractional leasehold interests in what was supposed to be oil producing territory in Oklahoma.    Certain stock of the Prairie Oil & Gas Company was pledged as a guarantee of a return on this investment.    The sale was made in conformity with what was known as the Aldrich Blake plan.    The total amount of his investment was $962.50.    For some time he received monthly payments of his share of the oil produced on one of the leases, amounting to more than 10 per cent. of his investment.    His counsel say:

"From all that appeared in the testimony, however, the Aldrich Blake leases were in oil producing territory and valuable, the plaintiff holding a lease or two which actually produced oil."

In the month of October, 1919, a meeting of many of those holding such interests was held in Detroit, at which it was decided to organize the Michihoma Oil & Gas Company to take over these leasehold interests, issuing stock to each holder to represent his interest in the leases.    The company was organized, whether legally or not is immaterial to this issue.    No permission to sell stock in it was obtained from the Michigan securities commission.    Circulars were sent

out from the Aldrich Blake Company, inviting an exchange of the leasehold interests, of which the parties had a conveyance, for shares in the company. Plaintiff received such a circular in November, accompanied by a form to be signed by him consenting to the exchange and transfer. He made no response to this. On December 1, 1919, the defendant Sturgeon, who was acting as secretary of the oil company, went to Ann Arbor, where plaintiff lived and was engaged in business, and secured plaintiff's assent to the exchange on the terms proposed. On December 26th, a certificate for 160 shares of stock in the company was sent to plaintiff, for which he returned a receipt. A few weeks later, plaintiff attended a meeting of the stockholders in the city of Detroit, at which a report of certain engineers was presented, and the stockholders present voted to dissolve the company. Dissolution was effected in March, 1920. Plaintiff testified that he "happened to see" Woods just before the meeting "in the side office and greeted him and told him he could have my stock and I wanted my leases back. He didn't answer to that."

Plaintiff claims he first learned in the spring of 1921 that permission to sell the stock had not been granted by the securities commission. On July 11, 1921, his attorney made formal demand by letter upon the defendants Woods and Sturgeon for the return of his leasehold interests, and notified them that plaintiff elected "to cancel and rescind the whole transaction and demand a return of his money." In this letter plaintiff also sought to "elect to rescind the initial transaction and demand a return of the actual cash invested with interest to date." In a later letter, written September 7, 1921, to the defendant Woods, the claim of rescission was again stated and the certificate for 160 shares of stock held by plaintiff was inclosed. This suit was begun on March 6, 1922.

Woods, Sturgeon, the Oil & Gas Company, Byron F. Everitt and Aldrich Blake were made defendants. On a trial had before Judge Richter in March, 1924, discontinuance was had by stipulation as to Everitt, Blake and the oil company.    On this trial before Judge Alfred J. Murphy, a verdict was directed in favor of the defendant Woods at the conclusion of plaintiff's proofs.    The issue as to Sturgeon was submitted to the jury, who found in his favor.    A motion for a new trial was denied.    Plaintiff here reviews the judgment entered by writ of error.

1. Counsel first discuss the action of the court in directing a verdict in favor of Woods.    The first eight paragraphs of plaintiff's declaration contain a recital of his purchase of the interest he held in the leases and his surrender thereof and the issuance of the stock to him.    Interluded therewith is the charge that he was defrauded into making the purchase of the leasehold interest and in exchanging such interest for the stock by the false and fraudulent representations of the defendants, on which he relied.    In the 9th paragraph he alleges that—

"the first information he received causing him to suspect the falsity of said representations was at the meeting in the month of January, 1920, that he thereupon demanded of the said defendant, George Woods, a return of his leasehold interests and moneys invested in said last transaction, or a return of all the moneys which he had invested and tendered to said George W. Woods, the said certificate of stock of 160 shares in the Michihoma Oil & Gas Company, which said demands and both of which were refused."

The 10th paragraph reads:

"Plaintiff further alleges that through his attorney he thereafter made formal demand in writing for a return of his moneys invested and for a return of his leasehold interests as aforesaid and again made a tender of said stock certificate and that both of said demands were refused."

The trial court treated the cause of action above outlined as one for rescission. He held that the statement testified to by plaintiff as to what he said to Woods just before the meeting in January, 1920, not being accompanied by a tender of the stock then held by him, did not constitute a rescission, and that the tender made in September, 1921, was not made within a reasonable length of time, and no action could be predicated upon it. Plaintiff now claims that he—

"can stand on two theories. We could try to make out a case of rescission and failing on that might go to the jury on the theory of no rescission."

The purpose of a declaration is to inform the defendant of the nature of plaintiff's claim. Under our practice, inconsistent causes of action may be joined in separate counts where the truth of one does not tend to establish the falsity or impossibility of the other (*Greenberg* v. *Sakwinski,* 211 Mich. 498; *Weber* v. *Hall Bros.,* 231 Mich. 493). Only one cause of action, however, may be stated in each count. That which plaintiff relied on was plainly stated in the 9th paragraph, above quoted. He therein clearly informed the defendants that he had received and tendered back the stock received, and that defendants had refused to accept the same. We think the trial court was right in holding that under the declaration his right to recover in this respect was based on rescission.

2. Plaintiff also insists that there was evidence from which the jury might have found that the stock was worthless, and in that event a tender would not have been necessary. *Joslin* v. *Noret,* 224 Mich. 240. The trial court in its opinion denying the motion for a new trial thus disposed of this claim:

"This contention overlooks testimony tending to show that the oil lands held by the Michihoma Oil & Gas Company had value at that time. The witness,

Woods, testified at that time that he strenuously urged at a meeting of the corporation stockholders held in the Detroit Athletic Club, in January, 1920, that the properties were valuable and should be developed. His judgment was, in at least one respect, vindicated by later development work in other hands in one of the parcels which resulted in its sale for a sum of money which would have returned a handsome profit to all the stockholders of this corporation on their total investment.

"The testimony upon which the plaintiff relies to maintain the claim of worthlessness was the report of the auditors given at the January, 1920, meeting just mentioned, to the effect that, taking the properties at their cost price, plus depreciation, the company was insolvent.　That, I take it, was the mere arbitrary plan of the auditors in arriving at the net worth of the company.　It was not a valuation reached from any true appraisal of the properties and their prospects.　The contention of the plaintiff in this regard, in my judgment, cannot be sustained."

With this conclusion we agree.　A tender was therefore necessary before plaintiff could rescind.　*Joslin* v. *Noret, supra.*

3. The 11th paragraph of the declaration counted on the sale of the stock to plaintiff in violation of what is known as the "blue sky law," as no permission to sell had been obtained from the securities commission. In directing a verdict for Woods, the trial court held that he did not in any way participate in the sale of the stock to the plaintiff.　Plaintiff's certificate of stock was signed by Woods as secretary of the oil company.　From this fact and other proof showing Woods' activity in the organization of the company and the disposal of its stock, it is urged that the court was in error in so finding.　*Noll* v. *Woods,* 231 Mich. 224.　In view of the verdict of the jury on the issue submitted to them as to the liability of Sturgeon, hereafter referred to, we do not find it necessary to further consider this question.

4. In his charge to the jury, the court instructed them that the sale of this stock was made by Sturgeon in violation of the "blue sky law," and that, unless the jury found that it was worthless, it was the duty of the defendant to tender it back within a reasonable time.    He left it with the jury to determine when the plaintiff first became aware of the fact that the stock was issued without permission of the commission, and instructed them that, if a tender was made within a reasonable time thereafter, plaintiff could recover. He further instructed them that, if plaintiff did not learn of the fact until the summer of 1921, the tender claimed to have been made by him by letter in July, 1921, would be in time and sufficient on which to base a recovery.    While no special questions were put to the jury, their verdict for Sturgeon necessarily implied a finding that the stock was not worthless, and that no sufficient tender had been made.    Plaintiff's proofs on these questions were stronger when the case was submitted to the jury than when the verdict was directed in favor of Woods.    From the verdict rendered it is apparent that, had his liability been submitted to the jury, as was Sturgeon's, a verdict would also have been rendered in his favor.    The crucial question in the case against both of these defendants was whether plaintiff had made a tender of the stock within a reasonable time after he became aware of the facts justifying a rescission.    This question was fairly submitted to the jury, and in our opinion their verdict was justified by the proofs.

In view of this finding, the other assignments discussed do not seem to merit consideration.

The judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.