BLUE CROSS AND BLUE SHIELD OF MICHIGAN v EATON RAPIDS
COMMUNITY HOSPITAL

Docket No. 179296. Submitted June 18, 1996, at Lansing. Decided January
31, 1997, at 9:00 A.M. Leave to appeal sought.

Mark S. and Martha L. Ellis brought an action in the Eaton Circuit
Court against Eaton Rapids Community Hospital, alleging medical
malpractice relating to the treatment of Mark Ellis. Blue Cross and
Blue Shield of Michigan (BCBSM), as the administrator of Mark Ellis'
employer's self-funded employee health plan, intervened as a plain-
tiff to seek reimbursement of amounts expended for injuries
caused by the alleged malpractice. BCBSM did not participate in the
jury trial regarding the issue of the defendant's liability for malprac-
tice, stipulated to be bound by the results of the jury trial, and
intended to seek a bench trial regarding its claim for reimburse-
ment only in the event that the jury found the defendant liable for
malpractice. The court, G. Michael Hocking, J., entered an order of
judgment on a jury verdict of no cause of action and, on the
defendant's motion for costs pursuant to MCR 2.625(A)(1), entered
an order imposing joint and several liability on the Ellises and
BCBSM for the defendant's costs. BCBSM appealed.

The Court of Appeals *held*:

1. BCBSM, by stipulation, bound itself to abide by the jury's ver-
dict. Even in the absence of the stipulation, BCBSM, by intervening in
the action, became a party to the action and is bound by the judg-
ment entered on the verdict.

2. In finding in favor of the defendant, the jury effectively ren-
dered a verdict against BCBSM with respect to the claim for
reimbursement.

3. The trial court, in granting costs to the defendant as the pre-
vailing party pursuant to MCR 2.625(A)(1), correctly recognized
that the court rule provided it with discretion to grant or deny an
award of costs.

4. It is beyond dispute that the defendant was the prevailing
party in this action.

5. BCBSM, even though it took no active role in the jury trial, is
subject to taxation of costs under MCR 2.625 because it was a

party in interest for purposes of recovery against the defendant and for purposes of taxation of costs.

6. Section 201(5) of the Nonprofit Health Care Corporation Reform Act, MCL 550.1201(5); MSA 24.660(201)(5), which exempts BCBSM from taxation by state and local government, does not serve to exempt BCBSM from taxation of costs pursuant to MCR 2.625(A)(1).

7. The trial court failed to recognize that MCR 2.625 vests it with discretion to apportion the award of costs against the Ellises and BCBSM. The award of costs is reversed, and the case is remanded so that the trial court may exercise its discretion concerning the manner in which costs will be allowed to the defendant.

Affirmed in part, reversed in part, and remanded.

1. Costs — Prevailing Parties — Intervenors.

A party who intervenes in an action as a plaintiff in the hopes of recovering damages from the defendant but does not actively participate in the prosecution of the action is a party in interest for purposes of the recovery of damages from the defendant as well as for the purposes of the taxation of costs in the defendant's favor where the defendant is the prevailing party in the action (MCR 2.625[A][1]).

2. Costs — Prevailing Parties — Apportionment of Costs.

A trial court's discretion granted by court rule to award or deny costs to a prevailing party includes the discretion to apportion liability for such costs where there are multiple losing parties (MCR 2.625[A][1]).

*Michael F. Skinner*, for Blue Cross and Blue Shield of Michigan.

*Johnson & Wyngaarden, P.C.* (by *Robert M. Wyngaarden*), for Eaton Rapids Community Hospital.

Before: SMOLENSKI, P.J., and HOLBROOK, JR., and F. D. BROUILLETTE*, JJ.

SMOLENSKI, P.J. Intervening plaintiff Blue Cross and Blue Shield of Michigan (BCBSM) appeals as of right two orders providing (1) the entry of a judgment of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

no cause of action in favor of defendant Eaton Rapids Community Hospital and against BCBSM, with costs, if any, to be determined, and (2) the grant of defendant's motion for costs against plaintiffs Mark and Martha Ellis and BCBSM in the amount of $23,099.71. We affirm in part, reverse in part, and remand.

Plaintiffs Mark S. Ellis and Martha L. Ellis sued defendant for medical malpractice. Thereafter, an order entered providing that BCBSM could intervene as a plaintiff. BCBSM was the plan administrator for General Motors Corporation's self-funded health benefits plan, of which plaintiff Mark Ellis was a subscriber. In count one of its complaint, BCBSM sought a judgment against plaintiffs Ellis for the medical expenses it had paid for plaintiff Mark Ellis' medical malpractice injuries on the grounds that it had a contractual right of reimbursement in the event of a tort recovery, a common-law right of subrogation, and an equitable right of reimbursement. In the event that plaintiffs Ellis failed to plead or submit proofs in support of a claim for medical expenses, BCBSM sought a judgment against defendant for the medical expenses in count two of its complaint on the ground that it was a subrogee of plaintiffs.

Before trial began, the following stipulation was placed on the record by counsel for BCBSM:

> Thank you, Your Honor. May it please the Court, I believe we have an agreement of counsel on the role of Blue Cross in this litigation from this point on. We did intervene. And at the time we—that Blue Cross intervened, that was by stipulation of the other parties.
>
> We left the issue of our participation in this trial open to be decided at a later date. And I think we're agreed that Blue Cross need not present its subrogation claim for reimbursement of medical expenses at this trial, chiefly because

our claim is a nonjury claim and some other reasons that not the least of which it might make the trial go a little faster and be less confusing to the jury.

I believe we've all agreed that Blue Cross will be bound by the jury verdict on the liability issue. In other words, if there's a no cause, then Blue Cross would be bound by that and there'd be no further need for proceedings.

If there's a finding of liability, then Blue Cross would be allowed to present its claim in a separate bench trial after the conclusion of this trial at a date to be set by the Court.

That's my understanding of the agreement.

Subsequent comments at the same proceeding by counsel for plaintiffs Ellis and defendant indicate that plaintiffs Ellis did not intend to pursue at the jury trial a claim for plaintiff Mark Ellis' past medical expenses that had been paid by BCBSM.

Thereafter, the jury returned a verdict that defendant did not commit medical malpractice or professional negligence when treating plaintiff Mark Ellis. Defendant submitted the following proposed order:

THE JURY HAVING RENDERED A UNANIMOUS VERDICT of No Cause of Action in favor of Defendant Eaton Rapids Community Hospital and against Plaintiffs Mark and Martha Ellis and Intervening Plaintiff Blue Cross and Blue Shield of Michigan;

IT IS HEREBY ORDERED that a Judgment shall be entered of No Cause of Action, with costs, if any, to be determined.

BCBSM objected to the proposed order on the ground that it had not participated in the jury trial pursuant to the parties' stipulation and, therefore, the jury could not have rendered a verdict for or against it where its claim had not been presented to the jury. A judgment of no cause of action was entered with respect to plaintiffs Ellis only.

Defendant also submitted a bill of costs and a supplemental bill of costs totaling $23,099.71. Plaintiffs Ellis objected to these costs.

Defendant moved both for the entry of an order of no cause of action against BCBSM and for the entry of an order for payment of defendant's costs against plaintiffs Ellis and BCBSM "jointly and severally." A hearing was held on defendant's motions, at which counsel for BCBSM argued with respect to the motion for costs that any award of costs should not be imposed jointly and severally, but rather should be apportioned between plaintiffs Ellis and BCBSM because BCBSM had not conducted discovery or participated in the trial, and its claim, which counsel characterized as essentially "a damage claim for a little over 20 thousand dollars," constituted approximately "one percent" of the damages claimed by plaintiffs Ellis. The trial court granted both motions, stating, in relevant part, as follows:

> But I don't think the court rule [MCR 2.625(A)(1)] authorizes me to revisit the facts of the case. It authorizes me unless there's—unless there's law to the contrary, to make an award of costs.
>
> Now, Mr. Skinner [counsel for intervening plaintiff BCBSM], your arguments make a lot of sense. Unfortunately or fortunately, I haven't decided which yet, there's not six other judges sitting here that compose the Supreme Court that made up the rule. And as my understanding of that rule is that it says what it says, and the case law has applied it as it's set forth. And as yet, I've no reason to do a [sic] apportionment or whatever else you suggested.
>
> That does not—that seems to be a strange result. But as long as the court rule's clear, I can't make up one. If I had to interpret it, I'd be probably inclined to interpret it the way that you suggest. And may [sic] the Court of Appeals or Supreme Court will. . . .

The court then signed the following order:

> THE JURY HAVING RENDERED A UNANIMOUS VERDICT of No Cause of Action in favor of Defendant Eaton Rapids Community Hospital and against Intervening Plaintiff Blue Cross and Blue Shield of Michigan;
>
> IT IS HEREBY ORDERED that a Judgment shall be entered of No Cause of Action in favor of Defendant Eaton Rapids Community Hospital and against Intervening Plaintiff Blue Cross and Blue Shield of Michigan, with costs, if any, to be determined.

The court also signed the following order concerning costs:

> IT IS HEREBY ORDERED that Defendant's Motion for Costs as to Plaintiffs Mark and Martha Ellis and Blue Cross and Blue Shield is hereby GRANTED in the amount of $23,099.71.

In signing the order concerning costs, the trial court stated as follows in response to a query by counsel for BCBSM concerning whether costs were being imposed on plaintiffs Ellis and BCBSM jointly and severally:

> Well, it does—the order doesn't—it does not—in that regard all it states is that it is hereby ordered that the Defendant's motion for costs as to Plaintiffs Mark and Martha Ellis and Blue Cross/Blue Shield is hereby granted in the amount of 2300.71 [sic]. So I think unless otherwise stated, I think it's implicit in the order that it's joint and several.
>
>        *    *    *
>
> I was—I did—that that was my intent to rule that it would be joint and several, and that's why I made the comment that the court rule does not seem to give me any—and the case law that was cited as well, does not seem to give the Court discretion to do some pie cutting on that. It

would seem to make sense that it would, but if it doesn't, then I'm in the wrong branch of government or at least I'm not high enough in this branch of government.

BCBSM first argues that the trial court erred in entering an order of no cause of action against it where the jury did not hear or consider its claim. We disagree. First, BCBSM acknowledges that it stipulated that it would be bound by the jury's verdict with regard to the issue of liability, including a verdict of no cause of action. A stipulation is given full force and effect and is binding upon the parties unless abandoned or disaffirmed. *Nuriel v Young Women's Christian Ass'n of Metropolitan Detroit*, 186 Mich App 141, 147; 463 NW2d 206 (1990). Second, even if a stipulation had not been reached, we would nevertheless find no error. BCBSM intervened in the medical malpractice action. Once permitted to intervene, whether as of right or by leave, the intervenor becomes a party to the action and is bound by the judgment. *Grand Rapids v Consumers Power* Co, 216 Mich 409, 415; 185 NW 852 (1921); *Eyde v Meridian Charter Twp*, 118 Mich App 43, 50; 324 NW2d 775 (1982).

Although BCBSM acknowledges that it was bound by the jury verdict, it contends that the order improperly indicates that its claim was presented to the jury. However, the order makes no express mention of BCBSM's claim. Moreover, BCBSM further acknowledges that the jury verdict of no liability on the part of defendant defeated its claim for reimbursement and precluded it from recovering against defendant. Accordingly, we conclude that the jury effectively rendered a verdict against BCBSM inasmuch as it is undisputed that the jury's finding in favor of defendant and against plaintiffs Ellis precluded BCBSM from

further pursuing its claim for reimbursement of medical expenses. The order at issue accurately provides that the jury rendered a verdict in favor of defendant and against BCBSM, and the order should not be disturbed.

Next, BCBSM raises several grounds for its argument that the trial court erred in taxing costs against it. Specifically, BCBSM argues that the trial court erred in holding that it did not have the discretion to deny defendant hospital's motion for costs.

The relevant court rule provides as follows:

> (A) Right to Costs.
>
> (1) *In General.* Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action. [MCR 2.625(A)(1).]

Taxation of costs under MCR 2.625(A) is within the discretion of the trial court. *American Aggregates Corp v Highland Twp,* 151 Mich App 37, 53; 390 NW2d 192 (1986). A trial court is not required to justify awarding costs to a prevailing party; rather, the court must justify the failure to award costs. *Id.* In reviewing the court's previously quoted remarks in this case, we conclude that the court believed that it could not apportion prevailing party costs, not that it believed it lacked the discretion to not award prevailing party costs altogether. The court was not required to explain why it awarded prevailing party costs. Accordingly, we find no error.

BCBSM argues that the court erred in taxing costs against it because defendant was not a prevailing party. We disagree. In *Kim v Ford Motor Co,* 170 Mich App 544, 546; 429 NW2d 203 (1988), the plaintiffs,

Thomas and Eunja Kim, brought a products liability action against Ford Motor Company and Wean United for injuries that Thomas Kim had sustained during the course of his employment as a machine operator. Argonaut Insurance Company, the worker's compensation carrier for Kim's employer, filed an intervening complaint against Ford, the former owner of the machine, and Wean, the successor to the machine's manufacturer, seeking reimbursement for the benefits Argonaut had paid to Thomas Kim out of any recovery that Kim might realize in the products liability action. *Id.* Before trial, the plaintiff and Argonaut settled with Wean, with Argonaut accepting one-third of the settlement amount. *Id.* However, Argonaut made clear that it intended to recover its entire outstanding lien against any recovery the plaintiffs received from Ford. *Id.* Argonaut waived its right to be present during the trial proceedings and received the trial court's permission to be excused from the trial. *Id.* Following a jury verdict of no cause of action in favor of Ford, the court entered judgment in favor of the defendant and against the plaintiffs and Argonaut and assessed costs against the plaintiffs and Argonaut. *Id.* at 547. On appeal, Argonaut raised the following issue: "[W]hether a workers' compensation insurance carrier, which intervenes in an action to enforce the liability of a third-party tortfeasor, pursuant to MCL 418.827; MSA 17.237(827), is subject to taxation of costs when it does not prevail at trial." *Id.* at 547-548.

This Court held that Argonaut was subject to taxation of costs:

> MCR 2.625(A)(1) provides that costs will be allowed to the prevailing party unless prohibited by statute or court rule. It cannot be disputed that defendant [Ford] was the

prevailing party. Moreover, while this intervening plaintiff [Argonaut] may have elected not to actively participate in the proceedings, it remained a real party in interest to the litigation. *Mason v Scarpuzza*, 147 Mich App 180; 383 NW2d 158 (1985).

The intervenor filed its complaint, had a right to be present and participate in the proceedings and clearly would have participated in any recovery. In addition, pursuant to MCL 418.827; MSA 17.237(827), the insurance carrier had a substantial right to recover against the third-party tortfeasor. Since the intervenor is a party in interest for purposes of recovery, it remains a party in interest for the purpose of taxation of costs. Argonaut's decision not to participate does not affect its standing nor [sic] its liability.

Argonaut argues that plaintiffs were the parties in control of the litigation and, hence, they alone should be subject to costs. However, the facts as presented to this Court do not support this proposition. At the hearing on Argonaut's motion for relief, the trial court specifically recalled that it was Argonaut's insistence on its right to recover the full amount of its lien which forced plaintiffs to reject repeated settlement offers. This interpretation is supported by the facts as recounted by both plaintiffs Kim and defendant. Accordingly, while the intervenor did not actively participate in the trial or the negotiations, its position influenced the entire proceedings. [*Kim, supra* at 548.]

Accordingly, we conclude that, like *Kim*, it cannot be disputed in this case that defendant was the prevailing party. See also *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 521; 556 NW2d 528 (1996), in which this Court held that two defendants were prevailing parties under MCR 2.625(B)(3) "because a judgment of no cause of action was entered against them."

BCBSM contends that this Court should not rely on *Kim* to affirm the trial court's decision to tax costs against it in this case because the holding in *Kim*

(that the intervening plaintiff was subject to taxation of costs) was based on the fact that the intervening plaintiff forced the trial to occur by insisting on recovering its entire claim, whereas, in this case, BCBSM sought to avoid a trial. We acknowledge that there is no indication in the record that BCBSM forced the trial that occurred in this case. Rather, we note that the parties' briefs on appeal state that BCBSM was the only party that accepted mediation. Further, at the September 1994 hearing on the motion for costs, BCBSM's counsel asserted that it had been fully prepared to settle at all times. Nevertheless, we conclude that this Court's essential reasoning in *Kim* was simply that the intervening plaintiff remained a party in interest for the purpose of taxation of costs because it was a party in interest for the purpose of recovery, it could have participated in the proceedings, and would have participated in any recovery. *Kim, supra* at 548; see also *Warren v Pickering*, 192 Mich App 153, 157; 480 NW2d 306 (1991).

A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another. *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 95; 535 NW2d 529 (1995). The statute discussed in *Kim*, MCL 418.827; MSA 17.237(827), "grants a [worker's compensation] carrier who has paid compensation a substantive right to recover against a third-party tortfeasor." *Mason, supra* at 184.

In this case, the General Motors health plan administered by BCBSM provided a right of reimbursement:

> (a) If health care benefits are paid to, or on behalf of, an enrollee and if the enrollee makes recovery from a third party, individual or organization for any covered expenses

for which benefits were paid, the Program shall be entitled to reimbursement in an amount equal to the benefits paid to, or on behalf of, the enrollee under this Program. Carriers administering the Program shall take such actions as may be necessary to preserve or assert such right of reimbursement on the Program's behalf.

(b) The enrollee shall perform such acts and shall execute and deliver to the Corporation or the carrier such instruments and papers as may be necessary to secure such rights of reimbursement.

Section 401(6) of the Nonprofit Health Care Corporation Reform Act (NHCCRA), MCL 550.1101 *et seq.*; MSA 24.660(101) *et seq.*, grants BCBSM the status of a party in interest in judicial proceedings for the purpose of enforcing a right to reimbursement:

A health care corporation shall have the right to status as a party in interest, whether by intervention or otherwise, in any judicial, quasi-judicial, or administrative agency proceeding in this state for the purpose of enforcing any rights it may have for reimbursement of payments made or advanced for health care services on behalf of 1 or more of its subscribers or members. [MCL 550.1401(6); MSA 24.660 (401)(6).]

In this case, BCBSM filed its complaint and had a right to be present and to participate in the proceedings. Because BCBSM is a party in interest for the purpose of recovery on its right to reimbursement, it also is a party in interest for the purpose of taxation of costs. Accordingly, we conclude that, like the intervening plaintiff in *Kim*, BCBSM is subject to taxation of costs under MCR 2.625.

BCBSM contends that its unique status as a nonprofit, tax-exempt, charitable, and benevolent institu-

tion under the NHCCRA[1] constitutes a special circumstance that should, as a matter of public policy, preclude taxation of costs against it under MCR 2.625. BCBSM points out that § 201(5) of the NHCCRA, MCL 550.1201(5); MSA 24.660(201)(5), exempts BCBSM's funds and property from "taxation" by the state and its political subdivisions, and suggests that "taxation" includes taxation of any kind, including taxation of costs under MCR 2.625. However, BCBSM concedes that there is no case law interpreting the term "taxation" in this context. Where a statute does not define a term, resort to a dictionary for a definition is appropriate. *Lumley v Univ of Michigan Bd of Regents*, 215 Mich App 125, 130; 544 NW2d 692 (1996). "Taxation" is defined as "the fact of being taxed." *Random House Webster's College Dictionary* (1992). "Tax" is defined as "a sum of money levied on incomes, property, sales, etc., by a government for its support or for specific services." *Random House Webster's College Dictionary* (1992). In contrast, the taxation of costs under MCR 2.625 serves the purpose of reimbursing a prevailing party for costs incurred during litigation. *Wells v Dep't of Corrections*, 447 Mich 415, 419; 523 NW2d 217 (1994). Accordingly, giving the statutory term "taxation" its plain and ordinary meaning, we conclude that BCBSM's exemption from taxation under § 201(5) of the NHCCRA does not preclude it from being taxed prevailing party costs under MCR 2.625. Moreover, our further review of the NHCCRA does not indicate a legislative intent to except BCBSM from taxation of costs under MCR 2.625. Accordingly, we are not

---

[1] See MCL 550.1105(2); MSA 24.660(105)(2), MCL 550.1201(5); MSA 24.660(201)(5); *Blue Cross & Blue Shield of Michigan v Governor*, 422 Mich 1, 15; 367 NW2d 1 (1985).

persuaded that, for public policy reasons, this Court should create such an exception.

Last, BCBSM argues that the trial court erred in failing to recognize that it had the discretion to apportion taxable costs between it and plaintiffs Ellis. We agree. The interpretation of court rules is a question of law that is reviewed de novo on appeal. *Auto Club Ins Ass'n v General Motors Corp*, 217 Mich App 594, 598; 552 NW2d 523 (1996). Taxation of costs under MCR 2.625(A) is within the discretion of the trial court. *American Aggregates, supra.* By its plain language, MCR 2.625(A)(1) authorizes a trial court either to allow or to decline to allow costs to a prevailing party. Where the Michigan Court Rules are to be construed to secure the just, speedy, and economical determination of every action, MCR 1.105, we have no trouble concluding that a court may take the intermediate step of apportioning the costs allowed to a prevailing party among the parties against whom the costs are assessed.[2] A case involving multiple plain-

---

[2] In *Klinke, supra,* the defendant contended that the trial court had erroneously failed to apportion its award of costs to the plaintiff where the plaintiff had pursued alternative theories of liability against the defendant arising out of a single-car, roll-over accident, but had prevailed on only one of those theories. *Id.* at 519. This Court affirmed the trial court's finding that there was essentially a single cause of action where the plaintiff's alternative theories arose out of the same transaction—the single-car, roll-over accident. *Id.* at 520. This Court further held that the trial court did not abuse its discretion in failing to apportion the costs awarded to the plaintiff because the "[p]laintiff prevailed and accordingly 'is entitled to costs for the entire action, even those related to theories or counts upon which he did not succeed.'" *Id.* This case, too, involves a single cause of action—injuries arising out of defendant's alleged medical malpractice. However, unlike *Klinke,* BCBSM does not seek to apportion costs with respect to theories of liability for the purpose of reducing the entire amount of costs to which defendant is entitled. Rather, BCBSM seeks to apportion the entire amount of costs to which defendant is entitled among the parties who are responsible for these costs. Thus, while instructive, we find *Klinke* distinguishable from this case.

tiffs and a single prevailing defendant may present a myriad of considerations concerning the justness of taxing costs under MCR 2.625 either jointly and severally to the losing plaintiffs or, alternatively, by apportioning those costs among the losing plaintiffs. Weighing the considerations in an individual case appears to call for the exercise of the trial court's discretion. In this case, as evidenced by its comments, the trial court believed that it did not have the discretion to apportion costs under MCR 2.625. Accordingly, we reverse the order granting defendant's motion for costs and remand to permit the trial court to exercise its discretion concerning the manner in which costs will be allowed to defendant, the prevailing party in this case. We do not imply or suggest a result on remand. Further, the amount of costs allowed by the trial court has not been raised as an issue on appeal. Thus, the parties may not reopen this issue on remand. Finally, we affirm the order of no cause of action in favor of defendant and against BCBSM.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.