*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LINDSEY MACKENZIE,

        Plaintiff,

and

MICHIGAN HEAD & SPINE INSTITUTE, PC,
ANGELS WITH WINGS TRANSPORT, LLC,
and SUMMIT PHYSICIANS GROUP, PLLC,

        Intervening Plaintiffs,

and

AMERICAN ANESTHESIA ASSOCIATES,
LLC,

        Intervening Plaintiff-Appellant,

v

HOME OWNERS INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
September 19, 2019

No. 341712
Wayne Circuit Court
LC No. 15-001637-NF

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

    Intervening plaintiff, American Anesthesia Associates, LLC (American Anesthesia), appeals as of right the trial court's order awarding $16,848.53 in taxable costs to defendant. We affirm.

    Plaintiff, Lindsey Mackenzie, was the passenger in a vehicle that was involved in a car accident on July 2, 2014. Mackenzie incurred injuries as a result of the accident and defendant was the highest priority insurer for Mackenzie's injuries. Various parties intervened in the action Mackenzie filed against defendant, including American Anesthesia. At the conclusion of a jury

trial, the jury determined that Mackenzie's injuries were not caused by the use of a motor vehicle on July 2, 2014, and the trial court subsequently entered a judgment of no cause of action in favor of defendant and against Mackenzie and the intervening plaintiffs. Defendant thereafter sought taxable costs against the intervening plaintiffs only, including American Anesthesia. Defendant did not seek taxable costs against Mackenzie because defendant had reached a settlement agreement with Mackenzie regarding her responsibility for payment of prevailing party costs and of attorney fees. The trial court awarded $16,848.53 in taxable costs to defendant to be payable jointly and severally by intervening plaintiffs only, but denied the request for attorney fees. This appeal followed.

"This Court reviews a trial court's ruling on a motion for costs under MCR 2.625 for an abuse of discretion." *Fansler v Richardson*, 266 Mich App 123, 126; 698 NW2d 916 (2005). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). "A trial court necessarily abuses its discretion when it makes an error of law." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 208; 920 NW2d 148 (2018), oral argument on the application gtd 503 Mich 882 (2018). Additionally, the interpretation and application of court rules present questions of law to be reviewed de novo using the principles of statutory interpretation. *Lamkin v Engram*, 295 Mich App 701, 707; 815 NW2d 793 (2012).

Under MCR 2.625(A)(1), "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." "[I]n order to be considered a prevailing party, that party must show, at the very least, that its position was improved by the litigation." *Forest City Enterprises, Inc v Leemon Oil Co*, 228 Mich App 57, 81; 577 NW2d 150 (1998). "The power to tax costs is purely statutory, and the prevailing party cannot recover such expenses absent statutory authority." *Guerrero v Smith*, 280 Mich App 647, 670; 761 NW2d 723 (2008). Whether to award taxable costs to a prevailing party is left to the trial court's discretion. *Blue Cross & Blue Shield of Mich v Eaton Rapids Community Hosp*, 221 Mich App 301, 308; 561 NW2d 488 (1997). "A trial court is not required to justify awarding costs to a prevailing party; rather, the court must justify the failure to award costs." *Id*. After awarding taxable costs to a party, the trial court may apportion costs "among the parties against whom the costs are assessed" at its discretion. *Id*. at 314.

On appeal, American Anesthesia does not contest defendant's status as a prevailing party, or argue that the trial court lacked the necessary statutory authority to award $16,848.53 in taxable costs, or dispute the amount awarded to defendant. Rather, American Anesthesia argues that the trial court erred by awarding taxable costs to defendant because defendant's settlement with Mackenzie already compensated defendant for its costs in litigating this case at the trial court level. As such, an award of taxable costs to defendant would provide defendant with an impermissible double recovery. We disagree.

"As a general rule, only one recovery for a single injury is allowed under Michigan law. The amount that a plaintiff recovers from one defendant is set off against a subsequent verdict obtained against a codefendant." *Markley v Oak Health Care Investors of Coldwater, Inc*, 255 Mich App 245, 251; 660 NW2d 344 (2003). "To determine whether a double recovery has occurred, this Court must find out what injury is sought to be compensated. Thus, where a

recovery is obtained for any injury identical with another in nature, time, and place, that recovery must be deducted from the plaintiff's other award." *Grace v Grace*, 253 Mich App 357, 368-369; 655 NW2d 595 (2002) (citations omitted). When two parties settle, "[u]nless otherwise specified [the] settlement is deemed to include the payment of any costs that might have been taxable." MCR 2.625(H).

The record does not clearly establish the terms of Mackenzie's settlement agreement with defendant. American Anesthesia objected to defendant's motion for costs by stating, in part, that though defendant agreed with Mackenzie not to pursue costs or fees from her, American Anesthesia should not be made to pay her portion of those sums. American Anesthesia later stated its understanding of the terms of the settlement between defendant and Mackenzie as follows: that Mackenzie would waive her appeal of right in this case and dismiss a third-party case involving defendant's insured in Macomb Circuit Court in exchange for defendant only seeking taxable costs from intervening plaintiffs and not Mackenzie. Defendant also briefly described its settlement agreement with Mackenzie twice at the trial court level. First, in defendant's motion for costs, defendant stated that it had "reached an agreement with [Mackenzie] regarding her responsibility for payment of prevailing party costs and attorney fees pursuant to MCL 500.3148(2), and it is not seeking an award of such costs and fees against her in this Motion." Second, at the April 28, 2017 motion hearing, defendant stated, in reference to who would pay potential taxable costs and attorney fees, that Mackenzie "[was] never going to have anything" and defendant did not want to make Mackenzie's "life more burdensome by going after her for these fees." In defendant's brief on appeal, it stated that, under the terms of its settlement with Mackenzie, "[Mackenzie] agreed to dismiss her third-party suit in Macomb Circuit Court [against defendant's insured] and waive her right to appeal in the instant suit in exchange for defendant's agreement *not to seek* sanctions against her" (emphasis in original), i.e., defendant would not take steps to pursue costs and attorney fees against her in this case.

By its terms, defendant's settlement with Mackenzie gave defendant and Mackenzie a benefit. Defendant avoided future litigation against Mackenzie, and Mackenzie did not have to pay any taxable costs or attorney fees to defendant in this case. The settlement agreement did not, however, compensate defendant for its litigation costs incurred in this case. See *Blue Cross & Blue Shield of Mich*, 221 Mich App at 313 ("the taxation of costs under MCR 2.625 serves the purpose of reimbursing a prevailing party for costs incurred during litigation."). Instead, the settlement agreement allowed defendant to avoid *future* litigation and the attendant costs; costs that were not part of the trial court's $16,848.53 award of taxable costs to defendant. Notably, cases discussing setoffs consider the *amount* of a party's settlement for setoff purposes. See, e.g., *Velez v Tuma*, 492 Mich 1, 13-14; 821 NW2d 432 (2012) (discussing the amount of a setoff). We are unaware, however, of any authority standing for the proposition that the abstract or unquantifiable value of any settlement, rather than the settlement's dollar amount, should be considered for setoff purposes. As such, the settlement agreement did not fulfill the goal of an compensating defendant for its litigation costs under MCR 2.625(A)(1).

The above being true, there was and could be no double recovery in this case. See *Grace*, 253 Mich App at 368-369 (holding that a party receives a double recovery if it is compensated twice for "any injury identical with another in nature, time, and place."). Again, the taxable costs in this case were awarded to compensate defendant as the prevailing party for the costs it incurred over more than two years of litigation with plaintiff and intervening plaintiffs that

culminated in a judgment of no cause of action on March 14, 2017. Defendant's settlement with Mackenzie did not include any monetary award, let alone one that could be deemed inclusive of and therefore a setoff against awardable costs.

Moreover, the trial court was aware of defendant's settlement agreement with Mackenzie when it awarded taxable costs to defendant. As discussed above, a trial court may apportion costs among defendants (and plaintiffs, as the case may be) at its discretion. *Blue Cross & Blue Shield of Mich*, 221 Mich App 314. Thus, even absent the settlement agreement, the trial court still had the discretion to apportion all taxable costs only to intervening plaintiffs if it felt such action was warranted. American Anesthesia has failed to show that the trial court's decision to apportion taxable costs among intervening plaintiffs only was outside the range of principled outcomes and that the trial court thus abused its discretion by choosing to apportion costs accordingly.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto