CHICILO v MARSHALL

Docket No. 115214. Submitted March 12, 1990, at Detroit. Decided April 23, 1990.

Roseann Chicilo, who had been illegally arrested and detained in the Wayne City Jail for approximately three hours, obtained an award of $4,500 in damages from a federal district court jury in an action alleging violation of her civil rights under 42 USC 1983. Chicilo subsequently obtained an award of $5,250 in damages from a Wayne Circuit Court jury in an action against James C. Marshall for false imprisonment. The circuit court, Michael J. Connor, J., in issuing a judgment in the full amount of the verdict returned by the circuit court jury, refused defendant Marshall's request for a setoff in the amount of plaintiff's recovery in federal court. Defendant Marshall appealed.

The Court of Appeals *held:*

Michigan law proscribes double recovery for the same injury. Here, the damage awards received in both the federal court action and the state court action compensate the same injuries, those being injuries to plaintiff's emotional and psychological well-being. On remand, the circuit court shall enter a judgment which reflects a setoff in the amount of the recovery in federal court.

Remanded.

1. DAMAGES — DOUBLE RECOVERY FOR SAME INJURY — TORTS.

Michigan law proscribes double recovery for the same injury; in ascertaining whether a double recovery has occurred, the key inquiry is as to what injury is sought to be compensated, and the nature of the conduct causing the injury and the label attached to the plaintiff's claims are of little relevance.

2. DAMAGES — FALSE IMPRISONMENT — CIVIL RIGHTS — ILLEGAL ARREST AND DETENTION.

Damages awarded in a state court action for false imprisonment

REFERENCES

Am Jur 2d, Civil Rights § 16; Damages § 16; False Imprisonment § 134.

See the Index to Annotations under Damages; Discriminatiom; False Imprisonment and Arrest; Multiple Damages.

of a person illegally arrested and detained are subject to a setoff in the amount of damages previously awarded to the same person in a federal court action for violation of civil rights under 42 USC 1983 in connection with the same illegal arrest and detention where the damage awards serve as compensation for the same injuries.

*Stempien & Stempien, P.C.* (by *Gregory J. Stempien*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe*), for defendant.

Before: MACKENZIE, P.J., and DOCTOROFF and T. G. KAVANAGH,* JJ.

PER CURIAM. The sole question presented in this appeal is whether a Wayne Circuit judge erred when he refused to set off the amount of a damage award obtained by plaintiff in a 42 USC 1983 action brought in federal court against the amount of a damage award obtained by plaintiff in an action for false imprisonment brought in state court. We are satisfied that both awards compensated the same injuries and, consequently, that the judge erred in not ordering the setoff.

On March 26, 1985, plaintiff was illegally arrested and detained without probable cause in Wayne City Jail for approximately three hours. As a result of this illegal detention, a federal district court jury awarded plaintiff $4,500 in damages. The theory on which plaintiff recovered was that her illegal arrest and detention amounted to a violation of her civil rights under 42 USC 1983 and that she suffered emotional trauma as a result of this violation. Consistent with plaintiff's theory of the case, the jury had been instructed that, if it

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

found for plaintiff, it must adequately compensate plaintiff for the emotional trauma she suffered. The jury was also instructed that it was within the domain of the jury to determine which "elements" of damage—"fright, embarrassment, humiliation, shock . . . sleepless nights and nightmares"— were proven and to place a monetary value on them.

Subsequent to plaintiff's victory in federal court, plaintiff secured a $5,250 jury verdict in Wayne Circuit Court in an action for false imprisonment arising out of the same incident. In the state court action, plaintiff sought recovery for emotional trauma suffered and the jury was instructed on nearly identical elements of damage.

On appeal, defendant asserts that these separate jury awards amounted to double compensation for the same injuries. Plaintiff asserts that, because the causes of action are separate and distinct, the injuries must be to different interests and, consequently, that the awards compensate different injuries. This latter argument embraces the idea that the humiliation and embarrassment an individual suffers as the result of being falsely imprisoned is somehow qualitatively and quantitatively different from the humiliation and embarrassment suffered when the false imprisonment amounts to a violation of an individual's civil rights. We believe defendant has the better argument.

Michigan law proscribes double recovery for the same injury. *Great Northern Packaging, Inc v General Tire & Rubber Co,* 154 Mich App 777, 781; 399 NW2d 408 (1986). To ascertain whether a double recovery has occurred, we must determine what injury is sought to be compensated. In making such a determination, the nature of the conduct causing the injury and the label attached to the plaintiff's claims are of little relevance. *Ledbet-*

*ter v Brown City Savings Bank,* 141 Mich App 692, 703; 368 NW2d 257 (1985).

A review of the instant record clearly demonstrates that the damage awards received in both the federal court action and the state court action compensate the same injuries, those being injuries to plaintiff's emotional and psychological well-being. Accordingly, we conclude that plaintiff has recovered twice for the same injuries. We remand the instant action to the circuit court for entry of a judgment that reflects the offsetting of the amount of the damage award received in the federal court action against the amount of the damage award received in the state court action. *Great Northern Packaging, supra.*

Remanded. We do not retain jurisdiction.