GRACE v GRACE

Docket No. 225843. Submitted September 17, 2002, at Detroit. Decided
October 4, 2002, at 9:15 A.M.

Brooke Grace brought an action in the Oakland Circuit Court against
Harvey Grace, from whom she was divorced, alleging that the
defendant, by not disclosing certain marital assets and by under-
valuing disclosed marital assets, had fraudulently induced her to
agree to the financial terms of a separation agreement that was
incorporated, but not merged, into the divorce judgment. A sepa-
rate action by the plaintiff against her divorce attorney for legal
malpractice relating to the attorney's failure to properly investigate
the marital assets was settled with a monetary payment by the
attorney to the plaintiff. The court granted summary disposition for
the defendant, ruling that pursuant to *Nederlander v Nederlander*,
205 Mich App 123 (1994), the plaintiff cannot pursue a separate
action for fraud relating to the divorce and can only seek relief
from the judgment of divorce under MCR 2.612(C)(1)(c). The Court
of Appeals, WAHLS, P.J., and CORRIGAN and MARKEY, JJ., in an unpub-
lished order entered June 14, 1996 (Docket No. 183202), vacated
the trial court's order and remanded the case for further proceed-
ings, distinguishing this case from *Nederlander* and holding that
the plaintiff can maintain an action for fraud relating to the separa-
tion agreement. The Supreme Court denied the defendant leave to
appeal. 454 Mich 914 (1997). A jury returned a verdict and award of
damages to the plaintiff. The court, Robert L. Templin, J., granted
the defendant's motion for a setoff in the amount of the plaintiff's
recovery from her divorce attorney, but denied the defendant's
motion for remittitur or a new trial. The Court of Appeals granted
the defendant leave to appeal and instructed the parties to brief the
issue whether the plaintiff's action is barred under *Nederlander*.
The plaintiff cross appealed the setoff.

The Court of Appeals *held*:

1. The law of the case doctrine requires that this panel of the
Court of Appeals follow the ruling by a prior panel that *Neder-
lander* is distinguishable from this case and that the plaintiff could
maintain a separate action for fraud.

2. The rule of *Nederlander* does not bar the plaintiff's fraud claim. When an agreement is incorporated and merged into the divorce judgment, it becomes a disposition by the court and relief therefrom is limited to that provided by MCR 2.612(C)(1)(c). However, when, as in this case, the agreement is not merged into the divorce judgment, the agreement may only be enforced by resort to the usual contract remedies and not as part of the divorce judgment. The plaintiff's action for fraud is part of her contract remedies.

3. The trial court did not abuse its discretion in denying the defendant's motion for a new trial, the motion having been brought on the asserted ground that the plaintiff violated a pretrial order precluding the introduction of evidence regarding the defendant's business entities, personal income, and the financial condition of his businesses after a certain date. In the few instances where the pretrial order was violated, the evidence was relevant to the defendant's motive for concealing the true value of the business (marital) assets, and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. MRE 403.

4. The trial court did not abuse its discretion in denying the defendant's motion for remittitur or a new trial. The evidence adduced at trial supported the jury's award to the plaintiff of half the marital assets.

5. The trial court did not err in allowing the setoff. The court correctly determined that the plaintiff sought recovery for the same injury in her legal malpractice action against her divorce attorney and in her action for fraud against the defendant. The court did not err in not reducing the amount of the setoff by the amount of expenses incurred by the plaintiff in the legal malpractice action, and correctly determined that the expenses were subsumed by the settlement agreement.

Affirmed.

1. APPEAL — LAW OF THE CASE.

The law of the case doctrine provides that if an appellate court has decided a legal issue and remanded the case for further proceedings, the legal issue determined by the appellate court will not be differently decided on a subsequent appeal in the same case where the facts remain materially the same; the doctrine applies without regard to the correctness of the prior determination.

2. DIVORCE — PROPERTY SETTLEMENTS — CONTRACTS.

A property settlement agreement between spouses that is not merged into the divorce judgment may only be enforced by resort to the usual contract remedies.

3. DAMAGES — DOUBLE RECOVERY — APPEAL.

> Michigan law proscribes double recovery for an injury; the Court of
> Appeals determines whether a double recovery has occurred by
> ascertaining what injury is sought to be compensated; where recov-
> ery is obtained for any injury identical with another in nature, time,
> and place, that recovery must be deducted from the plaintiff's other
> award.

*Lawrence J. Acker, P.C.* (by *Lawrence J. Acker*) and *David D. Patton & Associates* (by *Ellen Bartman Jannette*) for the plaintiff.

*Law Offices of Bruce T. Leitman, P.C.* (by *Bruce T. Leitman*) (*Plunkett & Cooney, P.C.*, by *Christine D. Oldani* and *Patrick M. Barrett*, of counsel), for the defendant.

Before: NEFF, P.J., and JANSEN and KELLY, JJ.

JANSEN, J. Defendant appeals by delayed leave granted from a judgment, following a jury trial, of $3,113,342 in favor of plaintiff in this fraud action. Plaintiff cross appeals from an order entered after the judgment that set off a settlement award she had obtained in her separate, but related, legal malpractice action. We affirm in all respects.

This action has its origin in the parties' divorce, which was entered pursuant to a default judgment on October 10, 1990, by Oakland Circuit Judge David F. Breck. The parties married in March 1972 and had one son. In the fall of 1989, the parties mutually sought a divorce. The parties entered into a separation agreement, dated September 17, 1990, that was incorporated, but not merged, into the divorce judgment. This case involves plaintiff's allegation that defendant defrauded her by hiding certain substantial marital assets and undervaluing other disclosed

assets before the parties entered into the separation agreement.

The separation agreement provided that plaintiff's share of the marital estate was $750,000 and that payment would be deferred, with the understanding that this amount represented half the value of the marital estate. In the meantime, defendant would pay plaintiff a monthly stipend while their son remained in the marital home with defendant until the son completed high school. Plaintiff acknowledged that defendant always paid the monthly stipends, which totaled $150,000 tax free over the four-year period that the payments were made.

After the divorce judgment was entered, plaintiff stated that she began to feel that she had not been treated fairly regarding the property settlement and she consulted a new attorney. Plaintiff moved for clarification of the divorce judgment because she had not received $250,000 pursuant to the terms of the separation agreement upon the sale of defendant's interest in his business, Grace and Wild Studios. The trial court ruled that the separation agreement required sale within a reasonable time and ordered defendant to sell his interest by June 17, 1993. Because the business had not sold by that time, the trial court appointed a receiver following plaintiff's request, and defendant appealed the ruling to this Court. This Court ultimately affirmed the trial court's ruling,[1] and defendant subsequently paid $250,000 that was owing to plaintiff.

---

[1] See *Grace v Grace*, unpublished opinion per curiam of the Court of Appeals, issued May 23, 1995 (Docket No. 163344).

In addition to moving for clarification of the divorce judgment, plaintiff also filed suit against her divorce attorney on September 21, 1992, alleging legal malpractice. The legal malpractice suit ultimately was settled. While the legal malpractice action was pending, plaintiff filed the present suit against defendant, alleging fraud in the inducement of the separation agreement on September 15, 1993. In May 1994, defendant moved for summary disposition under MCR 2.116(C)(8), contending that there is no recognized cause of action for damages arising out of an allegedly fraudulently induced settlement agreement. The trial court ultimately granted the motion on the authority of *Nederlander v Nederlander*, 205 Mich App 123; 517 NW2d 768 (1994), where this Court held that a party who believes that the other has committed fraud during the divorce proceedings may seek relief from judgment under MCR 2.612(C)(1)(c), but may not pursue a separate cause of action for fraud. Plaintiff appealed the trial court's ruling to this Court, which, in an unpublished order entered on June 14, 1996 (Docket No. 183202), vacated the trial court's order and remanded the case for further proceedings. This Court distinguished *Nederlander*, finding that the separation agreement was a separate contract that was enforceable or subject to relief under ordinary contract remedies and, thus, the claim of fraud related to a contract and not to the divorce judgment. Defendant's delayed application for leave to appeal in the Supreme Court was later denied.[2]

Trial in the present action ensued in December 1998 and focused on plaintiff's allegation of fraud in

---

[2] *Grace v Grace*, 454 Mich 914 (1997).

the inducement of the separation agreement. The jury unanimously found in favor of plaintiff in the amount of $3.1 million. Defendant first moved to set off the settlement amount that plaintiff had received from her legal malpractice suit against her divorce attorney. The trial court granted the motion to set off the settlement amount, and plaintiff's cross-appeal challenges this ruling. Defendant later moved for judgment notwithstanding the verdict (JNOV), a new trial, or remittitur. The trial court denied this motion. After attempting an appeal as of right, which this Court dismissed for lack of jurisdiction, defendant sought leave to appeal in this Court, which was granted on July 27, 2000.

In the order granting leave, this Court further ordered:

> In addition to the issues raised in the application for delayed appeal, the Court orders the parties to brief the issue of whether plaintiff's action was barred under *Nederlander v Nederlander*, 205 Mich App 123; 517 NW2d 768 (1994), which holds that a party may not bring an independent action for fraud perpetrated during a divorce proceeding.

We agree with plaintiff's contention that the law of the case doctrine applies and, consequently, we follow the prior panel's holding that plaintiff's fraud claim is not barred under *Nederlander*.

The law of the case doctrine provides that if an appellate court has decided a legal issue and remanded the case for further proceedings, the legal issue determined by the appellate court will not be differently decided on a subsequent appeal in the same case where the facts remain materially the same. *Grievance Administrator v Lopatin*, 462 Mich

235, 259; 612 NW2d 120 (2000). Therefore, generally, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals. *Id.* at 260. The rationale behind the doctrine includes the need for finality of judgments and the lack of jurisdiction of an appellate court to modify its judgments except on rehearing. *South Macomb Disposal Authority v American Ins Co*, 243 Mich App 647, 654-655; 625 NW2d 40 (2000). Further, the law of the case doctrine applies without regard to the correctness of the prior determination, so that a conclusion that a prior appellate decision was erroneous is not sufficient in itself to justify ignoring the law of the case doctrine. *Booker v Detroit*, 251 Mich App 167, 182; 650 NW2d 680 (2002).

The law of the case doctrine is discretionary and expresses the practice of the courts generally; it is not a limit on their power. *Id.* at 183, quoting *Freeman v DEC Int'l, Inc*, 212 Mich App 34, 37; 536 NW2d 815 (1995). The doctrine will not be applied if the facts do not remain materially or substantially the same or if there has been a change in the law. *South Macomb, supra* at 654.

We conclude that the law of the case doctrine requires us to follow the ruling of the prior panel that *Nederlander* is distinguishable from the present action and that plaintiff could, therefore, maintain her fraud claim. The prior panel ruled on a legal issue and there has been no change in the law or a material change of the facts to dispense with the law of the case doctrine. Further, defendant availed himself of his right to appeal the prior panel's decision by seeking leave to appeal in the Supreme Court, and that application was denied. Even if we concluded that the

prior panel's legal ruling was incorrect, the law of the case doctrine applies without regard to the correctness of the prior ruling. Accordingly, we hold that the law of the case doctrine applies here and we follow the prior panel's determination that plaintiff's fraud claim is not barred by *Nederlander.*

Because the parties were directed to address whether *Nederlander* precludes plaintiff's fraud claim in the order granting the application for leave to appeal, we address the merits of the issue while acknowledging that the law of the case doctrine is discretionary and does not operate as a limitation on our power as an appellate court. *Booker, supra* at 183. We agree with the prior panel's decision that the rule of *Nederlander* does not bar plaintiff's fraud claim. In *Nederlander,* this Court held that if a party suspects that the other party has committed fraud during a divorce proceeding, MCR 2.612(C)(1)(c) and (2) (relief from judgment or order) allows the party to seek redress within one year after the judgment is entered, but the party is not permitted to maintain a separate action for fraud. *Nederlander, supra* at 126-127.

The prior panel distinguished *Nederlander* in its June 14, 1996, order. In the present case, the separation agreement was incorporated, but not merged, into the divorce judgment. The significance of this is explained in *Marshall v Marshall,* 135 Mich App 702, 712-713; 355 NW2d 661 (1984), relied on by the prior panel in its order:

> When a property settlement agreement is incorporated and merged in a divorce judgment, it becomes a disposition by the court of the property. But, when not merged in the divorce judgment, the property settlement agreement may

only be enforced by resort to the usual contract remedies and not as part of the divorce judgment.

As the prior panel held, the claim of fraud related to the separation agreement and not to the judgment of divorce into which it was incorporated but not merged. Therefore, plaintiff's remedies sound in contract and plaintiff's fraud claim is not barred by the holding of *Nederlander*.

Next, defendant argues that he is entitled to a new trial because plaintiff introduced evidence at trial relating to defendant's financial position after the divorce judgment in violation of a pretrial order that precluded such evidence. Defendant's evidentiary issue was raised in his motion for a new trial, which was denied by the trial court. The trial court's rulings regarding a motion for a new trial and regarding an evidentiary issue are reviewed for an abuse of discretion. *Kelly v Builders Square, Inc*, 465 Mich 29, 34; 632 NW2d 912 (2001); *Chmielewski v Xermac, Inc*, 457 Mich 593, 614; 580 NW2d 817 (1998).

The pretrial order stated in relevant part:

> [W]ith the exception of the December 4, 1990 loan application made to Chase Manhattan Bank by Mr. Grace, plaintiff, her counsel, and her witnesses are precluded from mentioning or testifying, in any manner whatsoever, to any facts regarding Harvey Grace's business entities, his personal income, the financial condition of his businesses, and any other such evidence, which occurred subsequent to October 1, 1990, until the plaintiff, in a pre-trial hearing, in the absence of the jury, can demonstrate to the court the relevance of such evidence, and that the evidence is more probative than prejudicial.

Having reviewed the allegations in defendant's brief relative to the alleged violations at trial, and having

carefully and fully reviewed the trial transcripts, we conclude that there are only two instances where the order was actually violated by disclosure of evidence of the value of defendant's business, Grace and Wild Studios, after October 1, 1990. The other instances alleged by defendant do not violate the order because the evidence did not involve defendant's business entities, personal income, or financial condition of his businesses.

The evidence of the value of defendant's business after October 1, 1990, was relevant. Plaintiff's counsel explained that he was entitled to show that the reason that defendant would have intentionally misrepresented the value of the business to plaintiff was because it had been and continued to be a very profitable enterprise. The trial court overruled defendant's objections at trial. We find no abuse of discretion on the part of the trial court. This case involved an eight-day jury trial in which eight witnesses testified and were subject to rigorous cross-examination. The pretrial order was largely not violated. In the few instances where it was violated, the evidence of defendant's income or the financial condition of the business was relevant to defendant's motive for concealing the true value of the business (marital) assets and its probative value was not substantially outweighed by the danger of unfair prejudice. MRE 403. Accordingly, the trial court did not abuse its discretion in denying defendant's motion for a new trial on the basis that the pretrial order was violated.

Defendant's last argument is that he is entitled to a new trial or remittitur because the jury's verdict award of $3.1 million is not supported by the evidence. The trial court denied defendant's motion for a

new trial or remittitur. Like a trial court's decision regarding a motion for a new trial, a decision regarding a motion for remittitur is reviewed for an abuse of discretion. *Craig v Oakwood Hosp*, 249 Mich App 534, 539; 643 NW2d 580 (2002). A motion for remittitur may be granted if the jury's verdict is "excessive," that is, greater than the highest amount supportable by the evidence. MCR 2.611(E)(1).

Upon review of the trial record, we find that there was evidence adduced at trial to sustain the jury's award. On December 4, 1990, defendant filled out a mortgage application representing that his net worth was $5,145,000. Plaintiff's expert witness testified that defendant's net worth in 1990 was between $4 and $5 million. Further, it was undisputed that defendant paid $900,000 to plaintiff as part of the divorce settlement. Thus, the jury could have found that the marital estate was worth about $6 million at the time of the divorce. Plaintiff's contention at trial was that she was entitled to half the value of the marital estate at the time of the divorce.

The jury was instructed that if plaintiff was entitled to damages, it was to determine the amount of money that reasonably, fairly, and adequately compensated plaintiff for defendant's actions. The jury was also instructed to include an equitable and equal distribution of the joint assets of the parties that had been acquired during the marriage, the value of the lost opportunity to invest funds that should have been distributed at the time of the divorce, and interest from the date of the divorce judgment to the filing of the complaint.

Because the evidence adduced at trial shows that the marital estate was worth about $6 million or a lit-

tle more at the time of the divorce, and plaintiff was entitled to both interest and the value of the opportunity to invest the income she should have been given at the time of the divorce, the jury's award is supported by the evidence. The award of $3.1 million indicates that the jury awarded about half the value of the marital estate at the time of the divorce, including interest and the lost value of the opportunity to invest funds that should have been distributed. Therefore, we conclude that the trial court did not abuse its discretion when it denied defendant's motion for a new trial or remittitur, because the evidence supports the jury's award in favor of plaintiff.

We now address plaintiff's cross-appeal, which involves the issue whether the trial court erred in setting off the amount of the settlement that plaintiff obtained in her legal malpractice suit from the judgment she was awarded in this case. After the jury's verdict, a hearing was held at which defendant requested that the trial court set off the amount of the settlement that plaintiff had obtained in her legal malpractice action against her divorce attorney. The trial court ruled that defendant was entitled to set off the settlement amount. The trial court's decision in this regard to grant a setoff, a matter in equity, is reviewed de novo. *Walker v Farmers Ins Exchange*, 226 Mich App 75, 79; 572 NW2d 17 (1997).

Generally, under Michigan law, only one recovery is allowed for an injury. *Chicilo v Marshall*, 185 Mich App 68, 70; 460 NW2d 231 (1990); *Great Northern Packaging, Inc v General Tire & Rubber Co*, 154 Mich App 777, 781; 399 NW2d 408 (1986). To determine whether a double recovery has occurred, this Court must ascertain what injury is sought to be compen-

sated. *Chicilo, supra* at 70. Thus, where a recovery is obtained for any injury identical with another in nature, time, and place, that recovery must be deducted from the plaintiff's other award. *Great Northern Packaging, supra* at 781.

In the present case, plaintiff sought damages against defendant for fraudulently concealing certain marital assets and for failing to disclose the true value of other disclosed assets. Here, plaintiff's claim arises out of the separation agreement that was later incorporated into the divorce judgment. Likewise, plaintiff's legal malpractice claim against her divorce attorney sought damages for his alleged failure to discover the assets that defendant had concealed and determine the true value of the disclosed assets. To the extent that plaintiff now asserts that her damages claims differed because she also requested emotional distress damages in her legal malpractice action but not in the present case, we agree with the trial court that plaintiff clearly abandoned her emotional distress claim. The trial court specifically adverted to plaintiff's deposition testimony from her legal malpractice action. Plaintiff testified that her emotional distress was related to her divorce and that she was also upset about her son's problems, she refused to divulge the name of her second psychologist, and she could not state that her emotional problems were the result of her divorce attorney's alleged negligence.

We conclude that plaintiff has sought to recover damages for an injury identical in nature, time, and place against both defendant and her divorce attorney. This is especially so where the legal malpractice action arises out of plaintiff's claim that defendant fraudulently concealed certain marital assets and

undervalued marital assets that were disclosed. Therefore, to make plaintiff whole in either case she must receive half the value of the marital estate at the time of the divorce. See, e.g., *Coleman v Gurwin,* 443 Mich 59, 63-64; 503 NW2d 435 (1993), quoting *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 691; 310 NW2d 26 (1981) (the recovery sought in a legal malpractice case is usually the value of the claim of the suit in the proceeding in which the negligent act occurred if the client was a plaintiff in the action, or the amount of the judgment imposed if the client was a defendant).

In this case, it is clear that the jury awarded plaintiff about half the value of the marital estate as it existed at the time of the divorce. Therefore, we find that plaintiff has been made whole by the jury's award and that plaintiff is seeking damages for the same injury in both cases. The trial court's ruling that the damages sought against defendant and the divorce attorney are the same is correct, and the trial court did not err in setting off from the jury's award in this case the settlement amount from the legal malpractice action.

Plaintiff also argues that even if the settlement amount is properly set off from the jury award here, the trial court erred in not reducing the amount of the setoff by the expenses that plaintiff incurred in the legal malpractice action. The trial court denied plaintiff's motion to reduce the setoff by the amount of the expenses she incurred in her legal malpractice action, essentially ruling that a settlement agreement subsumes all expenses.

Generally, attorney fees are not recoverable as an element of costs or damages unless expressly allowed

by statute, court rule, or common-law exception, or where provided by contract of the parties. *Rafferty v Markovitz*, 461 Mich 265, 270; 602 NW2d 367 (1999); *McAuley v General Motors Corp*, 457 Mich 513, 519, n 7; 578 NW2d 282 (1998); *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994). Plaintiff relies on a common-law exception set forth in *State Farm Mut Automobile Ins Co v Allen*, 50 Mich App 71; 212 NW2d 821 (1973), where this Court held that reasonable attorney fees incurred in prior litigation with a third party—not the defendant—may be recoverable. The focus is on whether the present defendant has, by his wrongful conduct, caused the present plaintiff to defend or prosecute previous legal proceedings. *Id.* at 78.

Plaintiff's legal malpractice case arose as a result of her divorce attorney's alleged failure to properly investigate the marital assets. The divorce attorney's alleged negligence is separate from any wrongdoing done by defendant. It cannot be said that defendant's wrongful conduct actually caused plaintiff to prosecute the legal malpractice action, especially where defendant and the divorce attorney had different responsibilities relative to plaintiff. Further, we agree with the trial court's rationale that the expenses, whether attorney fees or costs, were subsumed by the settlement agreement. Therefore, the trial court did not err in denying plaintiff's request to reduce the setoff by the expenses incurred in her prior legal malpractice action.

Accordingly, the trial court's rulings are affirmed in all respects. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.