# STATE OF MICHIGAN

# COURT OF APPEALS

MORGAN T. FISHER,

Plaintiff-Appellant,

v

JORDI LLORE JUSTRIBO,

Defendant-Appellee.

UNPUBLISHED
October 23, 2014

Nos. 314802, 315214, 315622,
316073, 317059, and 317359
Leelanau Circuit Court
LC No. 2009-008198-DM

Before: MURPHY, C.J., and SAWYER and M.J. KELLY, JJ.

PER CURIAM.

In these consolidated appeals, plaintiff appeals six orders entered by the trial court requiring plaintiff to pay attorney fees and costs incurred by defendant. We affirm.

The extensive background of this divorce and child-custody case, which involved a six-day trial and several earlier appeals that were also consolidated, was detailed by this Court in a prior opinion. *Fisher v Justribo*, unpublished opinion per curiam of the Court of Appeals, issued October 15, 2013 (Docket Nos. 312106, 313387, and 314077). One of the orders entered by the trial court that was encompassed by the earlier opinion of this Court awarded defendant attorney fees and litigation costs pursuant to MCR 3.206(C)(1) and (2)(a), which authorizes a court in domestic relations actions to order a party, who is capable of making payment, to pay the attorney fees and expenses of the other party that are incurred in the action if that party is unable to bear the expense of the litigation. The trial court's order, entered December 12, 2012, ordered plaintiff to pay defense counsel $23,178 for attorney fees and costs incurred through October 31, 2012. The order further provided:

> Plaintiff shall further pay all reasonable and necessary attorney fees and litigation costs that Defendant incurs in conjunction with this matter, pursuant to the following procedure:
>
> a. Defendant's counsel shall tender a bill for Defendant's reasonable and necessary attorney fees and litigation costs to Plaintiff's counsel by the 15th of each month.
>
> b. Plaintiff's counsel shall have until the 28th of each month to review the bill tendered by Defendant's counsel.

-1-

c. If Plaintiff's counsel believes that the bill tendered by Defendant's counsel is not reasonable or necessary (in whole or in part), then Plaintiff's counsel must file a written, specific Objection with the Court, no later than the 28th of each month.

d. If Plaintiff's counsel files a written, specific Objection with the Court by the 28th of the month with regard to the bill tendered by Defendant's counsel for the prior month, the Objection shall be set for hearing . . . . The Court shall then consider the Plaintiff's Objection and determine what amount of Defendant's bill shall be paid by Plaintiff. That portion of the Defendant's bill determined by the Court to be paid as reasonable and necessary shall be paid by Plaintiff to Defendant's counsel within 14 days of the date of hearing on the Objection.

e. If Plaintiff's counsel does not file a written, specific Objection with regard to the bill tendered by Defendant's counsel for the prior month, then Plaintiff shall pay the full amount of that bill to Defendant's counsel by the 14th of the month after the month in which the bill was tendered.

This Court affirmed the $23,178 award of attorney fees and costs, concluding, in part, that the evidence supported the trial court's findings regarding the parties' relative ability to pay for purposes of MCR 3.206(C)(2)(a). *Fisher*, slip op at 9-12.[1] The prior panel also rejected plaintiff's argument that the trial court failed to adequately consider the factors set forth in *Smith v Khouri*, 481 Mich 519, 528-530; 751 NW2d 472 (2008), concerning the determination of whether the requested attorney fees were reasonable. *Fisher*, slip op at 11-12. This Court stated that "under MCR 3.206(C)(2)(a), the court is not necessarily required to undertake the detailed analysis described in *Smith*[.]" *Id.* at 12. The prior panel noted the language, quoted at length above, regarding the monthly process relative to future awards of attorney fees and costs that were incurred in conjunction with the case. *Id.* at 5. Plaintiff, however, failed to raise any appellate arguments with respect to that process or the associated language that was contained in the December 12, 2012, order.

Consistent with the process set forth in the December 2012 order, defendant tendered six separate monthly statements and invoices for alleged reasonable and necessary attorney fees and litigation costs that were incurred in the months ranging from November 2012 to April 2013, and plaintiff objected to each one of the six invoices for a variety of reasons. The trial court denied plaintiff's objections in large part following monthly hearings on each one of the six objections and awarded defendant attorney fees and costs that totaled approximately $45,000. Before us today are plaintiff's appeals of each of the trial court's six orders awarding fees and costs to defendant.

---

[1] This Court additionally affirmed a June 2012 award to defendant of $30,000 in attorney fees and costs that was entered by the trial court. *Fisher*, slip op at 12.

With respect to the analysis of an award of attorney fees and costs under MCR 3.206(C)(2)(a), this Court in *Ewald v Ewald*, 292 Mich App 706, 724-725; 810 NW2d 396 (2011), observed:

> Attorney fees are not recoverable as of right in a divorce action but may be awarded to enable a party to carry on or defend the action. A party seeking attorney fees must establish both financial need and the ability of the other party to pay. This Court reviews a trial court's decision to grant or deny attorney fees for an abuse of discretion; the court's findings of fact on which it bases its decision are reviewed for clear error. The trial court abuses its discretion when its decision results in an outcome that falls outside the range of reasonable and principled outcomes. "The party requesting the attorney fees has the burden of showing facts sufficient to justify the award." This would include proving both financial need and the ability of the other party to pay, as well as the amount of the claimed fees and their reasonableness. [Citations omitted.]

Here, plaintiff first argues that the evidence was insufficient to support any award of attorney fees and costs under MCR 3.206(C)(2)(a)(one party is able to pay fees and expenses and requesting party is unable to bear the expense of the action). Plaintiff contends that, "as was set forth in the aforementioned prior appeal, the [defendant] . . . did not, and cannot, satisfy the requirements of MCR 3.206(C) **and in fact, admitted that he could pay his fees**." (Emphasis in original.) Given the ruling in the prior opinion that has now been issued by this Court rejecting this identical or precise argument, and considering that plaintiff does not suggest that new or different facts had developed regarding financial need and the ability to pay, we decline to revisit the issue pursuant to the law of the case doctrine. See *Grace v Grace*, 253 Mich App 357, 362; 655 NW2d 595 (2002)("The law of the case doctrine provides that if an appellate court has decided a legal issue . . ., the legal issue determined by the appellate court will not be differently decided on a subsequent appeal in the same case where the facts remain materially the same.").

Plaintiff next argues that the process for obtaining attorney fees and costs as structured by the trial court improperly placed the burden on her to show that the fees and costs were unreasonable, instead of requiring defendant to establish the reasonableness of the fees and costs. We first note that the process outlined in the December 12, 2012, order regarding future requests for attorney fees and costs was not challenged by plaintiff in her earlier appeal to this Court, which appeal encompassed that specific order. This Court's affirmance in the prior appeal left that order fully intact, and we effectively lack jurisdiction to now find fault or error with the process put in place by the trial court under an order that is not the subject of this appeal; indeed, plaintiff is collaterally attacking the December 12, 2012, order. Regardless, the process employed by the trial court did not improperly shift the burden of proof to plaintiff. Rather, the trial court merely gave plaintiff the burden of *identifying* the attorney fees and costs she wished to contest by way of raising specific objections. There is nothing in the record to indicate that the trial court relieved defendant of his burden of proof, as the court required him to submit billing records describing the services performed and the amount of time expended. And in response to each of plaintiff's objections, the trial court held a hearing, considered the parties' arguments in conjunction with the billing records, and determined that the requested fees were

reasonable given its knowledge of the proceedings, which it described as complex and voluminous.

Plaintiff's primary arguments on appeal are that defendant failed to establish that the objected-to attorney fees and litigation costs [2] were reasonable and that the trial court abused its discretion by totally disregarding the reasonableness factors enunciated in *Smith*, 481 Mich at 529-530.[3] With respect to the *Smith* factors, as mentioned above, the prior panel stated that "under MCR 3.206(C)(2)(a), the court is not necessarily required to undertake the detailed analysis described in *Smith*[.]" *Fisher*, slip op at 12. And that is law of the case, regardless of its correctness. *Grace*, 253 Mich App at 363. Moreover, given the particular nature of plaintiff's objections to the invoices or statements, which objections did not include a challenge of the hourly rates charged, it was simply not necessary to delve into the factors set forth in *Smith.* At each of the six hearings on plaintiff's objections, the trial court reviewed plaintiff's objections and then, one at a time, the court addressed each objection and ruled on the objection, giving its reasoning for the ruling. Despite no direct or express reference to the factors or *Smith*, the court nonetheless often employed the principles or factors in *Smith* when providing the reasoning for its stance on a particular objection.

With respect to the reasonableness of the attorney fees and costs and whether the court erred in its rulings on the objections, plaintiff presents no explanation in the legal argument section of her appellate briefs as to why and in what manner the court erred in addressing the specific objections. Instead, plaintiff poses such arguments in the fact section of her briefs, violating MCR 7.212(C)(6) and (7). Regardless, on substantive examination of plaintiff's fact-section arguments, we find no error warranting reversal relative to the trial court's rulings on plaintiff's objections. As noted by the trial court, many of the objections were vague and lacked explanation, simply asserting that the fees and costs were unreasonable, excessive, and duplicative. When confronted with objections that were backed by adequate details, the trial court addressed and resolved them head on, and we find no error in the court's sound determinations. With respect to plaintiff's complaint that defendant failed to provide evidence establishing the reasonableness of the attorney fees and costs subject to objection, the nature of most of the objections did not require resolution through the production and examination of evidence beyond the invoices that were submitted by defendant. Instead, the objections were

---

[2] To the extent that plaintiff is arguing that defendant had and failed to prove the reasonableness of invoiced attorney fees and costs that were not the subject of an objection, we reject the argument as wholly lacking in merit.

[3] *Smith* recited the six factors listed in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982)(attorney's professional standing and experience; time, skill, and labor involved; results achieved and amount in question; difficulty of the case; expenses incurred; length and nature of the attorney-client relationship), as well as the overlapping factors found in Rule 1.5(a) of the Michigan Rules of Professional Conduct, which includes consideration of the fee customarily charged for similar services in the locality. *Smith*, 481 Mich at 529-530.

more in the nature of presenting legal issues, e.g., can an attorney bill for time spent traveling to court, was the filing of a particular motion appropriate, can fees be recovered for the work done by a relatively inexperienced attorney, was it proper to use more than one attorney for a task, and was it necessary to spend a certain amount of time reviewing a document or record, which issues did not necessarily need supporting expert testimony. See *Zeeland Farm Servs, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195-196; 555 NW2d 733 (1996)("expert testimony is not always required to prove the reasonableness of attorney fees;" "no Michigan statute, court rule, or case law exists requiring expert testimony" to establish the reasonableness of attorney fees).[4] Reversal is unwarranted.

Finally, plaintiff claims that the trial court abused its discretion by failing to require defendant to contribute $1,000 every month toward his attorney fees, noting that defendant had made a $1,000 payment for the first month at issue, which the trial court deducted from the total amount of attorney fees and costs requested by defendant. The trial court never ordered defendant to make the $1,000 payment, nor did the court suggest that defendant had to make such a payment for the months that followed. Simply because defendant made a voluntary payment of $1,000 to his attorney for that first month did not mean that the court was obligated to order a $1,000 contribution by defendant thereafter. Plaintiff's argument is entirely meritless.

Affirmed. Having fully prevailed on appeal, defendant is awarded taxable costs pursuant to MCR 7.219.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly

---

[4] We note that a significant amount of the attorney fees covered services provided in the first consolidated appeals. MCR 3.206(C)(1) states that recoverable fees and expenses can be related to "a post-judgment proceeding," and this Court has held that a trial court can award fees and costs associated with appellate services under MCR 3.206(C). *McIntosh v McIntosh*, 282 Mich App 471, 483; 768 NW2d 325 (2009)("MCR 3.206[C][2] allows a trial court to award appellate attorney fees.").