# STATE OF MICHIGAN

# COURT OF APPEALS

LUTHER GARY,

Plaintiff-Appellee,

v

PREMIER PROPERTY MANAGEMENT, LLC,
O'BRIEN CONSTRUCTION COMPANY,
NORSTAR (USA), INC., JERMOR PLUMBING
& HEATING, INC., GARDEN VIEW ESTATES
CONDOMINIUM ASSOCIATION, INC., doing
business as GARDENVIEW ESTATES PHASE
IIIA, EL MECHANICAL, INC., JOHN DOE IV,
and JOHN DOE V,

Defendants,

and

TIMOTHY CORR,

Appellant.

UNPUBLISHED
September 21, 2017

No. 331360
Wayne Circuit Court
LC No. 13-014386-NO

Before: JANSEN, P.J., and SAWYER and MURRAY, JJ.

PER CURIAM.

Plaintiff-appellee, Luther Gary, brought the instant personal injury action against defendants. Plaintiff was initially represented by appellant, Timothy Corr. Although Corr subsequently notified plaintiff that his firm was closing and he could not continue to represent plaintiff in the personal injury action, and plaintiff obtained his entire case file from Corr's firm, Corr thereafter negotiated a $10,000 settlement of that action and claimed an attorney lien against the settlement proceeds.[1]

---

[1] Plaintiff, represented by new counsel, filed a motion to set aside the settlement. The trial court denied the motion, ruling that the settlement agreement was enforceable because defendants justifiably relied on Corr's apparent authority, as plaintiff's agent, to settle the lawsuit. That ruling is not at issue on appeal.

-1-

Plaintiff subsequently brought a separate legal malpractice action against Corr, alleging that Corr settled the personal injury action without plaintiff's consent and that plaintiff could have obtained a larger recovery in that action but for Corr's unauthorized settlement. All parties accepted a $1,500 case evaluation award in the legal malpractice action. Corr now appeals as of right the trial court's order, entered in the personal injury action, denying Corr's motion for a setoff of the $1,500 case evaluation award in view of the $10,000 settlement recovered in the personal injury action, and disallowing any attorney lien in the matter.

## I. FACTS AND PROCEEDINGS

Plaintiff filed a complaint in November 2013, alleging that he sustained an electrocution injury in his condominium. He retained Corr and his firm, 248-Lawyers, to represent him in a personal injury action against defendants. In August 2014, before any depositions were taken, 248-Lawyers notified plaintiff in writing that the firm was closing and it would not be able to continue to represent plaintiff. Plaintiff obtained his case file from the firm, but continued to communicate with Corr about the case. In September 2014, Corr notified plaintiff that defendants were offering to settle the case for $10,000. Although documentation indicates that plaintiff rejected the settlement offer, Corr asserts that plaintiff later changed his mind and verbally agreed to the settlement. Plaintiff denies accepting the settlement offer or granting Corr authority to settle the action. When plaintiff moved for substitution of counsel, defendants moved to enforce the settlement agreement. The trial court, Judge Daniel Ryan presiding, granted both motions and also granted Corr an attorney lien, in an unspecified amount, against the settlement proceeds.

In a separate action, plaintiff sued Corr for legal malpractice. Both parties accepted the case evaluation award under MCR 2.403, in the amount of $1,500. Both of plaintiff's cases were reassigned from Judge Ryan to Judge Lita Popke.

Corr thereafter filed a motion in the personal injury action for disbursement of the settlement funds and to pay his attorney fees. He also requested a set off of the $1,500 case evaluation award received in the malpractice action, in view of plaintiff's recovery of a greater $10,000 settlement amount in the personal injury action, to prevent plaintiff from receiving a double recovery. The trial court denied Corr's request for a set off, reasoning that the personal injury settlement and the case evaluation award represented recoveries for distinct injuries. In addition, the court disallowed any attorney lien in the matter, ruling that Corr improperly negotiated a settlement after terminating his attorney-client relationship with plaintiff.

## II. SET OFF

Corr first argues that the trial court erred by denying his request for a set off of the $1,500 case evaluation award. Corr argues that allowing plaintiff to receive both the $10,000 settlement amount in the personal injury action and the $1,500 case evaluation award in the legal malpractice action will result in an impermissible double recovery for the same injury.

A trial court's decision whether to grant a set off when a plaintiff receives separate judgments or settlements is a matter of equity subject to de novo review on appeal. *Grace v Grace*, 253 Mich App 357, 368; 655 NW2d 595 (2002). Corr relies on *Grace* in support of his argument that the trial court should have ordered a set off of the $1,500 case evaluation award in light of the $10,000

settlement in the personal injury action. In that case, the parties in a divorce action entered into a separation agreement "that was incorporated, but not merged, into the divorce judgment." *Id*. at 359. The plaintiff subsequently claimed that the defendant "defrauded her by hiding certain substantial marital assets and undervaluing other disclosed assets before the parties entered into the separation agreement." *Id*. at 359-360. The plaintiff moved for "clarification of the divorce judgment because she had not received $250,000 pursuant to the terms of the separation agreement upon the sale of defendant's interest in his business[.]" *Id*. at 360. Proceedings related to the sale of the business were eventually resolved when the defendant paid $250,000 that was due to the plaintiff. *Id*. In addition to moving for clarification of the divorce judgment, the plaintiff also brought a legal malpractice action against her divorce attorney. This lawsuit was ultimately settled. *Id*. at 361. The plaintiff also filed an action against the defendant, asserting claims for "fraud in the inducement of the separation agreement[.]" *Id*. The plaintiff's fraud claims were tried, resulting in a verdict of $3.1 million for the plaintiff. *Id*. at 362. The trial court granted the defendant's motion to set off the amount of the legal malpractice case against the verdict. *Id*. at 362, 368.

This Court began its analysis by citing the principle that "[g]enerally, under Michigan law, only one recovery is allowed for an injury." *Id*. at 368. "To determine whether a double recovery has occurred, this Court must ascertain what injury is sought to be compensated." *Id*. at 368-369. "Thus, where a recovery is obtained for any injury identical with another in nature, time, and place, that recovery must be deducted from the plaintiff's other award." *Id*. at 369. This Court stated that the plaintiff's suit against the defendant sought damages arising from the defendant's fraudulent concealment of marital assets and failure to disclose the true value of other disclosed assets. This claim "arises out of the separation agreement that was later incorporated into the divorce judgment." *Id*. The plaintiff's legal malpractice claim sought damages for her attorney's "alleged failure to discover the assets that defendant had concealed and determine the true value of the disclosed assets." *Id*. This Court concluded "that plaintiff has sought to recover damages for an injury identical in nature, time, and place against both defendant and her divorce attorney." *Id*. The plaintiff's fraud claim against the defendant and her malpractice claim against her attorney thus both arose from the defendant's fraudulent concealment and undervaluing of marital assets. *Id*. at 369-370. "Therefore, to make plaintiff whole in either case she must receive half the value of the marital estate at the time of the divorce." *Id*. at 370. This Court concluded:

> In this case, it is clear that the jury awarded plaintiff about half the value of the marital estate as it existed at the time of the divorce. Therefore, we find that plaintiff has been made whole by the jury's award and that plaintiff is seeking damages for the same injury in both cases. The trial court's ruling that the damages sought against defendant and the divorce attorney are the same is correct, and the trial court did not err in setting off from the jury's award in this case the settlement amount from the legal malpractice action. [*Id*. at 370.]

This Court cited *Coleman v Gurwin*, 443 Mich 59, 63-64; 503 NW2d 435 (1993), for the principle that "the recovery sought in a legal malpractice case is *usually* the value of the claim of the suit in the proceeding in which the negligent act occurred if the client was a plaintiff in the action, or the amount of the judgment imposed if the client was a defendant." *Grace*, 253 Mich App at 370 (emphasis added).

The instant case is distinguishable from *Grace*. Plaintiff's legal malpractice action was not connected to his personal injury action in the same manner that the *Grace* plaintiff's claim for fraud was connected to her claim for legal malpractice. "The elements of legal malpractice are: (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was the proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Manzo v Petrella*, 261 Mich App 705, 712; 683 NW2d 699 (2004). In order to prove the element of proximate cause in a legal malpractice action, the plaintiff "must show that a defendant's action was a cause in fact of the claimed injury." *Id*. The plaintiff "must show that, but for an attorney's alleged malpractice, the plaintiff would have been successful in the underlying suit." *Id*.

Plaintiff's malpractice action against Corr alleged that Corr was liable for malpractice by settling the personal injury action for $10,000, without plaintiff's consent and after having already terminated their attorney-client relationship. Plaintiff alleged that he could have obtained a greater recovery in the personal injury action but for Corr's unauthorized settlement. In this context, the measure of plaintiff's legal malpractice damages would be the difference between the value of the settlement actually obtained and the amount plaintiff could have obtained but for the unauthorized settlement. The case evaluation award must similarly be understood in this context. That is, the award should be understood as representing the difference between the actual settlement amount in the personal injury action and the amount plaintiff could have recovered, but which was lost, due to Corr's malpractice. The resulting difference is a distinct injury from the injury compensated by the settlement of plaintiff's personal injury action. Unlike in *Grace*, in which a trier of fact determined the actual value of an underlying claim, there was no determination by a trier of fact in this case that the $10,000 settlement amount represented the actual value of plaintiff's underlying personal injury claim. Contrary to what Corr suggests, there is no basis for concluding that the $1,500 amount awarded by the case evaluation panel represented its determination of the value of the underlying personal injury claim, as opposed to the value of plaintiff's distinct legal malpractice claim, such that plaintiff's recovery from the injury caused by Corr's professional negligence was "identical with another in nature, time, and place[.]" *Grace*, 253 Mich App 369. Rather, considering the nature of plaintiff's malpractice claim, the $1,500 case evaluation award represents the additional sum plaintiff could have recovered but for Corr's malpractice. Therefore, plaintiff's malpractice recovery was not duplicative of his settlement with defendants. Accordingly, the trial court did not err in denying Corr's request for a set off of the case evaluation award.

### III. ATTORNEY FEE LIEN

Corr also argues that Judge Popke erred in disallowing the lien ordered by Judge Ryan. A trial court's decision whether to impose an attorney lien is reviewed for an abuse of discretion. *Reynolds v Polen*, 222 Mich App 20, 24; 564 NW2d 467 (1997). "[T]he law creates a lien of an attorney upon the judgment or fund resulting from his services." *Id*. at 23 (quotation marks and citation omitted). "[W]hen a client wrongfully terminates an attorney or an attorney rightfully withdraws from a matter, recovery of attorney fees on a quantum meruit basis is appropriate." *Id*. at 24. Judge Popke did not err in ruling that Corr terminated the attorney-client relationship before any settlement was reached, and by disallowing Corr's request for an attorney lien on that basis.

Initially, we reject Corr's argument that Judge Popke was not authorized to revisit Judge Ryan's earlier ruling that Corr was entitled to an attorney lien against the settlement proceeds. "Every tribunal, judicial or administrative, has some power to correct its own errors or otherwise

-4-

appropriately to modify its judgment, decree, or order." *Pub Health Dep't v Rivergate Manor*, 452 Mich 495, 504; 550 NW2d 515 (1996) (quotation marks and citation omitted). MCR 2.613(B) provides:

> A judgment or order may be set aside or vacated, and a proceeding under a judgment or order may be stayed, only by the judge who entered the judgment or order, unless that judge is absent or unable to act. If the judge who entered the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be entered by a judge otherwise empowered to rule in the matter.

Plaintiff's personal injury action was administratively transferred to Judge Popke, who was then empowered to rule in the matter. Judge Popke properly exercised her authority to determine that Corr was not entitled to enforce the lien because he settled the case after he terminated the attorney-client relationship, and without proper authorization from plaintiff.

Corr argues that plaintiff's response to his motion for disbursement of the settlement proceeds was, in substance, a motion to revoke the lien or a motion for reconsideration of Judge Ryan's earlier decision. Although Corr asserts that plaintiff's "motion" was served on him only three days before the hearing, depriving him of a fair opportunity to respond, the record discloses that Corr moved for disbursement of funds on October 23, 2015, that plaintiff filed a response on October 27, 2015, and that Corr filed a reply on November 30, 2015. The register of actions does not indicate that plaintiff filed any additional pleading between November 30, 2015, and the date of the hearing, December 4, 2015. Moreover, Corr had been on notice since October 2014 of plaintiff's position that Corr terminated the attorney-client relationship in August 2014 and that plaintiff never authorized Corr to enter into the settlement. It is undisputed that before any settlement offer was made, plaintiff was notified by letter that Corr's firm would not be able to continue to represent plaintiff in his pending lawsuit, and that plaintiff had obtained his entire case file from Corr's firm. Plaintiff said nothing at the December 4, 2015 hearing that could be considered a surprise to Corr. Corr also had sufficient time to prepare an affidavit in support of his claim that plaintiff verbally agreed in a telephone conversation to accept the $10,000 settlement offer. We therefore conclude that Judge Popke properly exercised her judicial authority to disallow Corr's attorney lien and to disburse the settlement proceeds to plaintiff.

Affirmed. Having prevailed in full, plaintiff may tax costs. MCR 7.219(A).


/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Christopher M. Murray

-5-