# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID ANTHONY NEAL,

Defendant-Appellant.

UNPUBLISHED
January 11, 2018

No. 334367
Washtenaw Circuit Court
LC No. 12-000641-FC

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant, David Anthony Neal, appeals as of right the trial court's order denying his motion for resentencing. Following a jury trial, Neal was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84, assault with a dangerous weapon, MCL 750.82(1), unlawful imprisonment, MCL 750.349b, and interfering with the reporting of a crime, MCL 750.483a(1)(b). The trial court sentenced Neal as a second-offense habitual offender, MCL 769.10, to concurrent terms of 10 to 15 years' imprisonment for both the assault with intent to do great bodily harm less than murder and unlawful imprisonment convictions, four to six years' imprisonment for the assault with a dangerous weapon conviction, and 214 days in county jail for interference with the reporting of a crime.

Neal appealed his sentence to this Court, which affirmed the trial court's sentence.[1] The Michigan Supreme Court partially reversed the judgment of this Court and remanded to the trial court "to determine whether the court would have imposed a materially different sentence" pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).[2] On remand, the trial court determined, after considering all of the facts and circumstances, that it would not impose sentences that are materially different from the original sentence. We affirm.

## I. FACTS

---

[1] *People v Neal*, unpublished per curiam opinion of the Court of Appeals, issued June 19, 2014 (Docket No. 314788).

[2] *People v Neal*, 498 Mich 901 (2015).

Neal was charged with the following crimes: two counts of first-degree criminal sexual conduct, assault with intent to murder, assault with intent to do great bodily harm less than murder, assault with a dangerous weapon, unlawful imprisonment, and preventing or attempting to prevent the reporting of a crime. A jury found Neal guilty of assault with intent to do great bodily harm less than murder, assault with a dangerous weapon, unlawful imprisonment, and preventing or attempting to prevent the reporting of a crime but not guilty of criminal sexual conduct or assault with intent to murder.

At sentencing, defense counsel contested the assessment of offense variable (OV) 7 (aggravated physical abuse). The trial court held that OV 7 was properly assessed at 50 points, reasoning that the jury's guilty verdicts evidenced its belief that Neal had substantially increased the victim's fear and anxiety when he bound the victim's hands and feet, put tape over her eyes and mouth, covered her head with a blanket, dragged her down the stairs, and threw her into the back of a car.

Defense counsel also challenged the assessment of 15 points for OV 8 (victim asportation or captivity), arguing that OV 8 does not apply to instances of unlawful imprisonment in the same way that it does not apply to charges of kidnapping. The trial court concluded that the legal distinction between kidnapping and unlawful imprisonment sufficiently distinguished the two for the purpose of assessing OV 8. Accordingly, the trial court held that it was appropriate to assess 15 points for OV 8.

After the trial court ruled on other OV challenges not pertinent to this appeal, Neal received an OV score of 95 points. Taking into consideration Neal's prior record variables (PRVs), second-time habitual offender status, and the final assessment of the OVs, Neal's minimum sentencing range was between 50 and 125 months. The trial court sentenced Neal to concurrent terms of 10 to 15 years in prison for the crimes of assault with intent to do great bodily harm less than murder and unlawful imprisonment, four to six years' imprisonment for assault with a dangerous weapon, and 214 days in county jail for interfering with crime report.

Neal appealed his sentence to this Court, and this Court affirmed the sentence.[3] First, this Court rejected Neal's challenge to the trial court's assessment of OV 7 and OV 8.[4] This Court also rejected Neal's argument that the trial court wrongfully departed from the sentencing guidelines when it imposed concurrent terms of 10 to 15 years imprisonment for the crimes of assault with intent to do great bodily injury and unlawful imprisonment because the trial court only scored the unlawful imprisonment charge in doing so.[5] This Court explained that the trial court did not err because the maximum term of imprisonment for unlawful imprisonment when accounting for Neal's second-offense habitual offender status is 22½ years.[6]

---

[3] *Neal*, unpub op.

[4] *Id*. at 2-3.

[5] *Id*. at 4.

[6] *Id*.

Neal then filed an application for leave to appeal to the Michigan Supreme Court, which partially reversed the judgment of this Court and remanded to the trial court "to determine whether the court would have imposed a materially different sentence" pursuant to *Lockridge*.[7] On remand, the trial court determined that resentencing was not warranted because it would not impose sentences that are materially different from the original sentences, considering all the facts and circumstances.

## II. STANDARD OF REVIEW

The "proper interpretation of the sentencing guidelines" is a legal question that we review de novo. *People v Steanhouse*, 313 Mich App 1, 38; 880 NW2d 297 (2015), rev'd in part on other grounds by *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017). "We review for clear error the trial court's factual determinations, which must be supported by a preponderance of the evidence." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation," which this Court also reviews de novo. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

## III. REMAND PROCEDURE UNDER *LOCKRIDGE*

The Michigan Supreme Court rendered advisory the formerly mandatory minimum sentencing guidelines to remedy the unconstitutional restraint these guidelines imposed on the judiciary's discretion. *Lockridge*, 498 Mich at 391-392. To give effect to the Legislature's intent, sentencing courts are still required to consult and take into account the applicable guidelines range. *Lockridge*, 498 Mich at 391-392. "Further, sentencing courts must justify the sentence imposed in order to facilitate appellate review." *Id*. at 392.

The constitutional deficiency was "the extent to which the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range," *id*. at 364, 388-389, not that sentencing courts use judicial fact-finding to assess OVs under the sentencing guidelines. This distinction is critical. The *Lockridge* Court decided against requiring the defendant to admit, or the jury to find, all facts used at sentencing to assess OVs. *Id*. at 389. Rather, the trial court may rely on judicial fact-finding when assessing the sentencing variables because judicial fact-finding "is of no constitutional consequence if the guidelines are merely advisory." *People v Biddles*, 316 Mich App 148, 160-161; 896 NW2d 461 (2016). Although facts that increase a *mandatory* minimum sentence must be found by a jury to be beyond a reasonable doubt, not every "fact that influences judicial discretion must be found by a jury." *Schrauben*, 314 Mich App at 195 (quotation marks and citation omitted). Therefore, to suggest that judicial fact-finding is always improper when assessing OV scores is a misunderstanding of the *Lockridge* holding. Rather, a sentence is improper under *Lockridge* only if sentencing using the mandatory minimum sentencing guidelines relied on judicial fact-finding.

---

[7] *Neal*, 498 Mich 901.

Under *Lockridge*, if the defendant's minimum sentence was imposed using an unconstitutional application of the sentencing guidelines, the case must be remanded to the sentencing court for it to "determine whether that court would have imposed a materially different sentence but for the constitutional error." 498 Mich at 397. To this determination, the trial court must consider only the "circumstances existing at the time of the original sentence." *Id*. at 398 (quotation marks and citation omitted). If it would have imposed a materially different sentence, resentencing is required. *Id*. at 397. If not, the trial court must explain on the record why not. *Id*. at 398.

Applied to this case, the trial court properly determined that Neal was not entitled to resentencing. Pursuant to *Lockridge*, the Supreme Court remanded this case to the trial court to determine if it would have materially altered the sentence absent the unconstitutional restraint on judicial discretion. The trial court noted that the sentencing judge had retired and reviewed the transcripts of the trial and the sentencing hearing. Relying on this review and "[c]onsidering all of the facts and circumstances," the trial court determined that it would not have imposed materially different sentences. In short, the trial court properly followed the *Lockridge* remand procedure for potential resentencing.

## IV. REMAINING ARGUMENTS

This Court has already rejected Neal's arguments challenging the assessment of OV 7 and OV 8 and arguing that the sentence was an impermissible upward departure. See *Neal*, unpub op at 2-4. When an appellate court has already ruled on a legal question in the same case on the basis of the same facts, the doctrine of law of the case applies, and the prior ruling is controlling in a subsequent appeal. *Grace v Grace*, 253 Mich App 357, 362-363; 655 NW2d 595 (2002). Moreover, *Lockridge* does not require reconsideration of this Court's prior determinations that the trial court correctly assessed the OVs or that the concurrent sentence imposed for the assault conviction was not an improper upward departure because it did not exceed the maximum penalty for the unlawful imprisonment conviction. See *Neal*, unpub op at 2-4. Therefore, we will not revisit those issues.

We affirm.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle